UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.  *5:22-cv-01508-AB (MAR)*                                      Date:  November 8, 2022

Title  *Gaylord A. McKenzie v. Warden*

Present: The Honorable: MARGO A. ROCCONI, UNITED STATES MAGISTRATE JUDGE

| ERICA BUSTOS | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:  (In Chambers) ORDER RE: RESPONSE TO ORDER TO SHOW CAUSE, DKT. 8**

Petitioner has filed the instant Petition for Writ of Habeas Corpus pursuant to U.S.C. § 2254 ("section 2254").  ECF Docket No. ("Dkt.") 1.  On September 1, 2022, the Court issued an Order to Show Cause Why Claim Three Should Not Be Dismissed, given that Claim Three appeared unexhausted and Petitioner had not identified the basis for any stay.  Dkt. 6.  Plaintiff did not respond, and therefore the Court issued an Order to Show Cause Re: Dismissal for Lack of Prosecution on October 14, 2022.  Dkt. 7.

On November 2, 2022, the Court received Petitioner's response to the October 14, 2022 Order.  Dkt. 8.  Petitioner argued that Claim Three should not be dismissed based on its merits, but did not respond to the Court's September 1, 2022 Order.  Id.  Indeed, Petitioner indicated that he never received the September 1, 2022 Order.  Id.  Accordingly, in the interests of justice, the Court will send Petitioner a copy of the September 1 Order and give him additional time to respond.

**The Clerk of Court is instructed to mail Plaintiff a copy of the September 1 Order, Dkt. 6.**  Petitioner should file a response by **December 7, 2022.  The Court warns Petitioner that failure to timely respond as directed in this Order may result in dismissal of Claim Three as unexhausted.**

IT IS SO ORDERED.

|  | : |
|---|---|
| Initials of Preparer | eb |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  **5:22-cv-01508-AB(MAR)**                                            Date: September 1, 2022

Title:   _Gaylord A. McKenzie v. Warden_

Present: The Honorable:  MARGO A. ROCCONI, UNITED STATES MAGISTRATE JUDGE

| ERICA BUSTOS | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Petitioner: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:  (In Chambers) ORDER TO SHOW CAUSE WHY CLAIM THREE SHOULD NOT BE DISMISSED**

**I.
INTRODUCTION**

Petitioner, Gaylord McKenzie ("Petitioner"), proceeding pro se, has filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254 challenging his 2018 conviction.  ECF Docket No. ("Dkt.") 1 at 2.  Petitioner appears to admit his third claim is subject to dismissal because it is unexhausted.  Id. at 6.  Petitioner requests a stay, though he does not explain the grounds or basis for his request.  Id. at 10, 51; Dkt. 3.  The Court will not make a final determination regarding whether the claim should be dismissed, however, without giving Petitioner an opportunity to suppelement his request for a stay or file an amended petition.

**II.
DISCUSSION**

A state prisoner must exhaust his or her state court remedies before a federal court may consider granting habeas corpus relief.  28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).  To satisfy the exhaustion requirement, a petitioner must fairly present his or her federal claims in the state courts to give the state the opportunity to pass upon and correct alleged violations of the petitioner's federal rights.  Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam).  A petitioner must give the state courts "one full opportunity" to decide a federal claim by carrying out "one complete round" of the state's appellate process to properly exhaust a claim.  O'Sullivan, 526 U.S. at 845.

For a petitioner in California custody, this generally means the petitioner must have fairly presented his or her claims in a petition to the California Supreme Court.  See O'Sullivan, 526 U.S. at 845 (interpreting 28 U.S.C. § 2254(c)); Gatlin v. Madding, 189 F.3d 882, 888 (9th Cir. 1999) (applying O'Sullivan to California).  A claim has been fairly presented if the petitioner has both "adequately described the factual basis for [the] claim" and "identified the federal legal basis for [the] claim."  Gatlin, 189 F.3d at 888.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   **5:22-cv-01508-AB(MAR)**                                            Date: September 1, 2022

Title:   *Gaylord A. McKenzie v. Warden*

      Here, Petitioenr concedes his third claim has not been presented to the California Supreme Court and therefore has not been properly exhausted. Dkt. 1 at 6. Though Petitioner does request a stay, he does not explain the basis for the stay. Id. at 10, 52; Dkt. 3.

      Under Rhines v. Weber, 544 U.S. 269 (2005), a district court has discretion to stay a mixed or wholly unexhausted petition to allow a petitioner time to present his or her unexhausted claims to state courts. Id. at 276; see Mena v. Long, 813 F.3d 907, 912 (9th Cir. 2016) (holding a district court has the discretion to stay and hold in abeyance fully unexhausted petitions under the circumstances set forth in Rhines). This stay and abeyance procedure is called a "Rhines stay" and is available only when: (1) there is "good cause" for the failure to exhaust; (2) each unexhausted claim is not "plainly meritless;" and (3) the petitioner did not intentionally engage in dilatory litigation tactics. Rhines, 544 U.S. at 277-78. The "good cause" inquiry is centered on "whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence," to justify his failure to exhaust the unexhausted claim in state court. Blake v. Baker, 745 F.3d 977, 982 (9th Cir. 2014).

      Under Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), the district court may stay a petition's exhausted claims to allow the petitioner time to exhaust unexhausted claims in state court. 315 F.3d at 1070-71. Unlike a Rhines stay, a Kelly stay "does not require that a petitioner show good cause for his failure to exhaust state court remedies." King v. Ryan, 564 F.3d 1133, 1135. A Kelly stay involves a three-step procedure: "(1) a petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims; and (3) the petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition." Id. (citing Kelly, 315 F.3d at 1170-71). Thus, while "Rhines allows a district court to stay a mixed petition, and does not require that unexhausted claims be dismissed while the petitioner attempts to exhaust them . . . Kelly allows the stay of fully exhausted petitions, requiring that any unexhausted claims be dismissed." Id. at 1139-40 (emphasis in original) (citing Jackson, 425 F.3d at 661).

      While a Kelly stay does not require a showing of good cause, it requires compliance with the one-year statute of limitations set forth in the AEDPA. 28 U.S.C. § 2244(d)(1); see also King, 564 F.3d at 1140-41 ("A petitioner seeking to use the Kelly procedure will be able to amend his [or her] unexhausted claims back into his federal petition once he [or she] has exhausted them only if those claims are determined to be timely."). After expiration of the AEDPA limitations period, "a petitioner may amend a new claim into a pending federal habeas petition . . . only if the new claim shares a 'common core of operative facts' with the claims in the pending petition; a new claim does not 'relate back' . . . simply because it arises from the 'same trial, conviction, or sentence.'" Id. at 1141 (internal citations omitted).

      Because Petitioner has not explained his basis for the stay, the Court is unable to determine whether Petitioner has shown there is good cause for his failure to exhaust, as is required for a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.   **5:22-cv-01508-AB(MAR)**                                     Date: September 1, 2022

Title:   *Gaylord A. McKenzie v. Warden*

Rhines stay.  If there is not good cause, Petitioner may still request a Kelly stay; however, the Court warns Petitioner that even if he obtains a Kelly stay, any newly-exhausted claim(s) may be time-barred when Petitioner would file his First Amended Petition.

### III.
### ORDER

Thus, the Court **ORDERS** Petitioner to respond to this Order to Show Cause **no later than September 22, 2022** by electing one of the following options:

1. Request a Rhines stay and file a supplemental brief explaining why there is good cause for his failure to exhaust;

2. Request a Kelly stay; or

3. File a First Amended Petition, striking Claim Three.

If Petitioner fails to demonstrate he is entitled to a Rhines or Kelly stay, **or fails to respond by September 22, 2022**, the Court will recommend that Claim Three be dismissed.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| **Initials of Preparer** | eb |